IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **BEVERLY G. ALBERT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. CBD-10-2071 |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **MEMORANDUM OPINION**

Beverly G. Albert, ("Plaintiff") brought this action under 42 U.S.C. §405(g) for judicial Review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") and Commissioner's Motion for Summary Judgment ("Commissioner's Motion"). The Court has reviewed said motions and the applicable law. No hearing is deemed necessary. Local rule 105.6 (D. Md.). For the reasons presented below, the Court hereby DENIES Plaintiff's Motion and DENIES Commissioner's Motion, but REMANDS the case for further proceedings consistent with this opinion.

### **I. Background**

Plaintiff filed for DIB on May 23, 2007, alleging disability since October 1, 2005. Her claims were denied initially and upon reconsideration. On May 8, 2009, a hearing was held before an Administrative Law Judge ("ALJ"). On September 2, 2009, the ALJ determined in a

1

written decision that Plaintiff was not disabled within the meaning of the Act. Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council, which was denied on June 24, 2010, making the ALJ's decision final and appealable.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim using the five-step sequential process set forth in 20 C.F.R. §§ 404.1520 (2010). At the first step, the ALJ determined that Plaintiff has not engaged in substantial gainful activity ("SGA") "during the period from her alleged onset date of October 1, 2005 through her date last insured of March 31, 2007." (R. 13). At the second step, the ALJ determined that Plaintiff has the following severe impairments: "ischemic heart disease and hypertension." Id. At the third step, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 (the "Listings"). Id. Next, the ALJ determined that through the date last insured ("DLI"), Plaintiff had the residual function capacity ("RFC") to perform light work, except only on occasion can Plaintiff perform activities that require climbing. (R. 14). The ALJ found that Plaintiff "was capable of performing past relevant work as a security guard and as a school bus driver." (R. 17). Due to these findings, the ALJ concluded that Plaintiff was not under a disability as defined by the Act from October 1, 2005 through March 31, 2007.

## III. Standard of Review

The role of this Court is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. §405(g); Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable

2

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Johnson v. Califano, 434 F. Supp. 302, 307 (D. Md. 1977). The Court's role is a limited one within the Act. Freeman v. Harris, 509 F. Supp. 96, 99 (D.S.C. 1981). Thus, ordinarily if there is substantial evidence to support the decision of the Commissioner, then that decision must be upheld. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). The Court cannot try the case de novo or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. Id.

The Court must also determine whether the Commissioner followed correct procedure. "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. After review, the Court has the power to affirm, modify, or reverse the decision of the Commissioner, with or without remanding the case for rehearing. 42 U.S.C. § 405(g); Virek v. Finch, 438 F.2d 1157, 1158 (4th Cir. 1971).

Finally, it must be noted that hearings on application for Social Security disability entitlement are not adversary proceedings. Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970). Moreover, the Social Security Act is a remedial statute and it is to be broadly construed and liberally applied in favor of beneficiaries. Dorsey v. Bowen, 828 F.2d 246 (4th Cir. 1987). A claimant is entitled to a full and fair hearing and failure to have such a hearing may constitute sufficient cause to remand the case. Sims v. Harris, 631 F.2d 26 (4th Cir. 1980).

# IV. Analysis

Plaintiff argues that the case should be remanded due to the ALJ's failure to assess Plaintiff's right foot injury at step two. (Pl.'s Mot. 4). It is true that the ALJ was silent as to his finding on the severity of Plaintiff's right foot injury, despite acknowledging that it was an alleged disability on Plaintiff's application. After this mention in passing, the ALJ fails to discuss the impairment in any fashion. The issue is not that the ALJ merely failed to articulate his reasoning for a finding. The ALJ never provided a finding to be analyzed.[1]

The Social Security Regulations set forth a five-step sequential procedure for evaluating a claimant's eligibility under the Act. 20 C.F.R. § 1520(a)(4). The ALJ is required to articulate his findings at each step until it can be determined that an individual is disabled under the Act. ALJ's are statutorily required to provide a discussion of their findings and conclusions. Schoofield v. Barnhart, 220 F. Supp. 2d 512, 519 (D. Md. 2002). When ALJ's fail to articulate the reasons underlying their findings, the case may be remanded or reversed. Cook v. Heckler, 783 F.2d 1168, 1174 (4th Cir. 1986).

At step two, the ALJ must consider the claimant's physical and mental impairments severally and in combination. 20 C.F.R. § 1520(a)(4)(ii). The impairments must meet the durational requirements as provided for in 20 C.F.R. § 1509 and must be considered severe to proceed to the next step. Id. If the impairment does not meet both requirements, no disability as to the specific impairment will be found.

When considering the severity of an impairment, an ALJ looks to the functional

---

[1] Under a proper step two analysis, if a claimant meets the threshold set out in SSR 96-3p, the ALJ must assess how symptoms such as pain, fatigue and weakness affect a claimant's level of functioning. SSR 96-3p, 1996 WL 344181 (July 2, 1996). To meet this threshold, the impairment must reasonably be expected to produce the alleged symptoms. Id. Plaintiff suggests that her September 2005 surgery and subsequent performance of medical imaging establish the necessary nexus to meet the threshold. (R. 13). Thus the ALJ should have considered how Plaintiff's right foot symptoms affected her level of functioning. Id. Here this issue is moot, as there is no step two finding.

4

limitations placed on the claimant by the impairment. When assessing the degree of functional limitation, the Court considers several factors including quality and level of overall functional performance, any episodic limitations, the amount of supervision or assistance required and the settings in which the claimant is able to function. 20 C.F.R. § 404.1520a(c)(2). Upon evaluation of these factors, an impairment will be considered severe if the ability to perform basic work activities is significantly limited. Basic work activities include the ability to perform physical functions such as walking, lifting, standing, pushing, pulling, reaching, carrying or handling. 20 C.F.R. § 404.1521.

Step two does not present a high threshold to meet. An impairment only need be so severe that it could possibly be the basis of a finding of inability to engage in any SGA. SSR 85-28, 1985 WL 56856 (1985). In many instances, impairments are found to be severe at step two, but the end result is that the claimant is found to be not disabled under the Act. Due to this minimal threshold, the finding that an impairment is not severe enough to proceed to step three requires a careful analysis of the medical findings and an informed judgment about the impairment's limiting effect on an individual's physical and mental abilities to perform basic work activities. SSR 85-28, 1985 WL 56856 (1985). "Great care should be exercised in applying the not severe impairment concept." Id. It is evident that the ALJ did not properly evaluate Plaintiff's foot impairment as he provided no analysis of the issue. And if the ALJ did thoroughly analyze the specific impairment as he is required to do, he failed to share his findings with the Court.

Courts have held that failure to make a determination at step two is reversible error. Boston v. Barnhart, 332 F. Supp. 2d 879, 885 (D. Md. 2004). In Boston, the Court remanded the case back to the agency after finding that the ALJ failed to explain why she did not consider

obesity an impairment, severe or not severe.  Similar to the case at hand, the ALJ in Boston, did not mention the claimant's alleged impairment of obesity in the step two analysis.  When a finding is erroneous at step two, it is often the case that the entire decision is thereby erroneous.  All impairments must be considered at steps three, four and five.  Schoofield v. Barnhard, 220 F. Supp. 2d 512, 518 (D. Md. 2002).

## V. Conclusion

Based on the foregoing, the Court DENIES Plaintiff's Motion for Summary Judgment, and DENIES Commissioner's Motion for Summary Judgment, but REMANDS the case for further proceedings consistent with this opinion.

July 29, 2011                                                     _____/s/_____
                                                                  Charles B. Day
                                                                  United States Magistrate Judge

CBD/sm/del